UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE SENIOR CITIZENS LEAGUE,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | Civil Action No. 25-2740 (JDB) |

### **ANSWER**

Defendant, Social Security Administration, ("Defendant") by and through its undersigned counsel, respectfully submits the following Answer to Plaintiff, The Senior Citizens League, ("Plaintiff"), Complaint ECF No. 1, filed on August 19, 2025, in the above-captioned Freedom of Information Act ("FOIA") action.

**RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT**[1]

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

## JURISDICTION AND VENUE

1. Paragraph 1 contains statements of law regarding jurisdiction and legal conclusions to which no response is required. To the extent a response may be deemed required, Defendant admits only that this Court has jurisdiction over this action, subject to the terms and limitations of FOIA.

2. Paragraph 2 contains statements of law regarding venue to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this district for a properly stated FOIA claim.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the assertions in Paragraph 3.

4. Defendant admits it is an agency within the meaning of 5 U.S.C. § 522(f)(1) and is headquartered at 6401 Security Boulevard, Baltimore, MD 21235. The second sentence of Paragraph 4 contains legal conclusions to which no response is required.

## STATEMENT OF FACTS

5. Defendant lacks knowledge or information sufficient to form a belief as to the frequency in which Plaintiff submits FOIA requests. To the extent the allegations in Paragraph 5 seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Defendant denies the remaining allegations in Paragraph 5.

6. Paragraph 6 contains statements or conclusions of law regarding Defendant's statutory deadline to respond to FOIA requests, to which no response is required. To the extent a response is deemed required, Defendant admits that 5 U.S.C. 552(a)(6)(A)(i) provides that an agency should respond to a request for records under 5 U.S.C. 552(a)(3) within 20 days (excepting Saturdays, Sundays, and legal public holidays) unless unusual circumstances exist as set forth in 5 U.S.C. 552(a)(6)(B), and that 5 U.S.C. 552(a)(6)(A)(ii) provides that an agency should make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal.

7. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8. Defendant admits only that it received an appeal of its response to Plaintiff's FOIA request on June 10, 2025, and that as of the date of the Complaint, which was filed on August 19, 2025, it had not responded to Plaintiff's appeal. Defendant avers that it provided a substantive response to Plaintiff's FOIA request on March 12, 2025 (*see* ECF No. 1-2, Ltr. From Social Security Administration (Mar. 12, 2025)). and denies all remaining allegations in Paragraph 8.

9. Paragraph 9 contains statements or conclusions of law to which no response is required. To the extent a response may be deemed required, Defendant denies the allegations.

**TSCL's FOIA REQUEST FOR RECORDS REGARDING ILLEGAL ALIENS RECEIVIONG SSA BENEFITS.**

10. Defendant admits that it received a FOIA request from Plaintiff on February 12, 2025. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent. To the extent the remaining allegations seek to provide background facts in support of allegations of public interest,

Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.

11. Defendant admits that it provided a response to Plaintiff's FOIA request on March 12, 2025. Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent.

12. Defendant admits only that it received an appeal of its response to Plaintiff's FOIA request on June 10, 2025, and that as of the date of the Complaint, which was filed on August 19, 2025, it had not responded to Plaintiff's appeal. Defendant denies all remaining allegations in Paragraph 12.

13. Defendant provided a substantive response to Plaintiff's FOIA request on March 12, 2025. Defendant respectfully refers the Court to that response for a complete and accurate statement of its contents and denies the allegations in Paragraph 13 to the extent they are inconsistent.

**CAUSE OF ACTION**
**(Violation of FOIA, 5 U.S.C. § 552)**

14. Defendant incorporates by reference its responses to Paragraphs 1 through 13 as if fully restated herein.

15. Defendant admits only that it received an appeal of its substantive response to Plaintiff's FOIA request on June 10, 2025, and that as of the date of the Complaint, which was filed on August 19, 2025, it had not responded to Plaintiff's appeal. Defendant avers that it provided a substantive response to Plaintiff's FOIA request on March 12, 2025, and respectfully refers the Court to that response for a complete and accurate statement of its contents and denies any remaining allegations in Paragraph 15 to the extent they are inconsistent.

16. Defendant denies the allegations in Paragraph 16.

**PRAYER FOR RELIEF**

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested in these paragraphs, elsewhere in the Complaint, or to any relief whatsoever.

**ADDITIONAL AND OTHER DEFENSES**

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements thereof where, as a matter of law, the burden is properly placed on Plaintiff.

**FIRST DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief to the extent that they exceed the relief authorized by FOIA or the Privacy Act.

**SECOND DEFENSE**

Defendant conducted an adequate search for records, prioritizing requests based on the order in which they were received, and released all nonexempt responsive records.

**THIRD DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, where disclosure would cause foreseeable harm.

**FOURTH DEFENSE**

Defendant is not required to give opinions, conduct research, answer questions, or create records to satisfy a request under the FOIA.

### FIFTH DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### SIXTH DEFENSE

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

### SEVENTH DEFENSE

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

### EIGHTH DEFENSE

Plaintiff's request fails to comply with the requirements of FOIA to the extent it fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendants to search for, review, redact, and release any responsive records.

### NINTH DEFENSE

Plaintiff is not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

### TENTH DEFENSE

Defendant asserts that it has, or may have, additional defenses that are not known to Defendant at this time, but which may be ascertained during litigation. Defendant specifically preserves these and other affirmative defenses as they are ascertained during litigation, including those required by Fed. R. Civ. P. 8 and 12.

Dated: December 23, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Kimberly A. Stratton*
   KIMBERLY A. STRATTON
   P.A. Bar #327725
   Assistant United States Attorney
   601 D Street, NW
   Washington, DC 20530
   Ph: (202) 417-4216
   Email: kimberly.stratton@usdoj.gov

*Attorneys for the United States of America*